UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

@VANTAGE.COM,  No. 07-10331

Debtor(s).
_____/

Memorandum After Hearing
_____

Debtor @Vantage.com, LLC, is a grower of organic vegetables. It filed its Chapter 12 petition on March 26, 2007. Its plan of reorganization is now before the court. Objections to the plan were filed by creditors Leaf Funding, Inc., the U.S. Farm Service Agency, and Pinnacle Capital, LLC. Leaf Funding has also filed a motion for dismissal, conversion, or removal of the debtor as debtor in possession.

The debtor made two very significant false statements in its statement of affairs. First, in answer to question #15, the debtor failed to mention its occupation, during the three years before bankruptcy, of the real property located at 1645 South Wright Road, Santa Rosa California. Second, in answer to question #23, it represented that their were no withdrawals, distributions, or compensation of any kind to any insider in the year prior to bankruptcy. Both these representations were materially false, and lead the court to the firm conclusion that the plan has been proposed in bad faith and cannot be confirmed pursuant to § 1225(a)(3) of the Bankruptcy Code.

The Wright Road property was acquired by the debtor pursuant to a lease with an option to purchase in late 2004. On January 11, 2005, the debtor's manager, Robert Vaughan, aka Robert Vaughn, aka

1

Charles Vaughn, wrote to the attorney for the lessor, on the debtor's letterhead, directing that the lease was to be held in the name of AmeriTrust Holdings, a trust of which he was a trustee. The debtor made most or all of the payments on the lease, and occupied the premises. On September 1, 2006, the debtor listed the Wright Road property as an asset and listed the lessor as a creditor on a loan application to the U.S. Department of Agriculture.

On March 2, 2007, just three weeks before the debtor's bankruptcy filing, Vaughan, as trustee of AmeriTrust Holdings, entered into an agreement with himself as managing member of Planet Organic, LLC, to sell the Wright Road property for $1,950,000.00. On April 3, 2007, deeds to the property were recorded first from the lessor to AmeriTrust and then from AmeriTrust to Planet Organic. No mention whatsoever was made about the property in the debtor's statement of affairs, signed by Vaughan just a week later on April 10, 2007.[1]

Ruth Alison Stellwagon, according to her testimony and the statement of affairs, owns 95% of the debtor. She admits that in lieu of a salary she took numerous draws from the debtor's bank accounts for her personal expenses. The evidence showed that during the year before bankruptcy these draws totaled at least $100,000.00, and more likely around $200,000.00. These draws were falsely omitted from the statement of affairs, and are almost certainly recoverable by the bankruptcy estate as fraudulent transfers or preferences.

The debtor bears the burden of proof to show all of the elements necessary for plan confirmation pursuant to § 1225(a) of the Code. In this case, the debtor has not met its burden as to § 1225(a)(4), in that it appears more likely than not that the creditors would receive more in Chapter 7 because of recoverable interests in the Wright Road property and the undisclosed draws made by Stellwagon.

---

[1] Vaughan attempted to explain the situation by testifying that AmeriTrust had "sub-leased" the Wright Road property to the debtor and the debtor had defaulted so that AmeriTrust had taken the property back, and that the reason AmeriTrust was not listed as a creditor was that the debt was "forgiven." The court does not believe a word of this nonsense from one of the least credible witnesses ever to appear in this court. The court bases its disbelief of Vaughan on his demeanor on the stand, his evasiveness and pat explanations, his clear lies on the statement of affairs and apparent false statements in the loan applications. His credibility is not helped by his role as manager of the debtor, trustee of AmeriTrust and managing member of Planet Organic.

2

1      Moreover, the court finds that the petition and the plan were filed in bad faith due to the false answers in the statement of affairs. Misrepresentation of facts in a petition or plan justify a finding of bad faith. *In re Leavitt,* 171 F.3d 1219, 1224 (9th Cir. 1999). While a finding of bad faith does not require a finding of fraudulent intent (*Id.*, at 1224-25), the court finds that in this case the false statements were intentionally meant to conceal valuable assets of the estate for the benefit of insiders. Accordingly, no plan cannot be confirmed pursuant to § 1225(a)(3).

     The same findings mandate a conversion of the case to Chapter 7. The creditors' best chance for a meaningful recovery is if an independent trustee is appointed to investigate the conduct of the debtor's principals and pursue avoidable transfers. Conversion is permitted, due to the above findings of fraud, by § 1208(d) of the Code.

     For the foregoing reasons, confirmation of the plan will be denied and the motion to convert the case will be granted. This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. A separate order will be entered.

Dated: September 13, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

3